IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2003 Session

## BYRD D. EARTHMAN v. BECKY (EARTHMAN) McRAE

**Appeal from the Chancery Court for Dyer County**
**No. 97C345      J. Steven Stafford, Chancellor**

————————————

**No. W2002-00564-COA-R3-CV - Filed April 1, 2003**

————————————

This is a child support case involving the allocation of private school tuition. In the parties' divorce, the father was granted sole custody of their three minor children. At the time of the divorce, the mother worked part time and, upon agreement of the parties, did not pay child support. The mother began working full time and so began paying child support. The father earns substantially more income than the mother. The father decided to send the parties' oldest child to boarding school. The mother objected to assisting in paying for the child's tuition. The trial court determined that the mother should pay a portion of the tuition in addition to child support. The mother appeals. The mother argues that the trial court erroneously considered her new spouse's income, and erred in requiring her to pay a portion of the tuition in addition to child support. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Charles A. Sevier, Memphis, Tennessee, for appellant, Becky (Earthman) McRae.

Mark L. Hayes, W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for appellee, Byrd D. Earthman

### OPINION

Byrd D. Earthman ("Father") and Becky (Earthman) McRae ("Mother") were married on July 13, 1985. Three children were born of the marriage, all of whom were minors during the pertinent time period. The parties were divorced on September 5, 1997. Father was granted custody of the children. At the time of the divorce, Mother was working part time. Because Mother worked part time, and because she agreed to provide regular transportation for the children, Father agreed that Mother would not pay child support.

Mother later began working full time, at which time Father sought child support. Prior to the hearing on Father's petition for child support, the parties announced that Mother had agreed to pay

$1,219 per month in child support plus $207.97 per month towards the children's health care. In light of the partial settlement, the issues left to be determined at the hearing were Mother's contribution towards the children's uncovered medical, dental, orthodontic, optical, and prescription drug expenses, and Mother's contribution towards the private school tuition of the parties' oldest child, Ellen.

The hearing was held on November 13, 2001. At the time of the hearing, Father earned $140,000 per year and Mother earned $49,000 per year. Father testified about his decision to enroll Ellen in a boarding school. He testified that Ellen was not performing satisfactorily, and her grades were not high enough for her to remain in the optional program at her public school. Consequently, Father decided to enroll her at The Webb School, a private boarding school. Tuition and expenses at The Webb School, minus applicable scholarships, amounted to $16,650 per year.

Mother testified that she opposed Ellen's enrollment at The Webb School, although she admitted that her daughter had issues that needed to be addressed.[1] Mother testified that she felt that the parties' daughter should be at home where she could see her parents, and said that she was financially unable to contribute to the boarding school tuition. Counsel for Father asked Mother about the income of her present husband. Mother's counsel objected, but this objection was overruled. Mother then testified that her husband, Reverend Frank McRae, earned approximately $65,000 per year. After the trial court overruled Mother's objection to the testimony on her husband's income, Mother's counsel called Reverend McRae as a witness to clarify his sources of income from retirement, Social Security, and a part-time job.

At the conclusion of the hearing, the trial court determined that the parties should equally divide the children's uncovered medical, dental, orthodontic, optical, and prescription drug expenses. The trial court also ordered Mother to contribute $6,000 towards the daughter's private school tuition. The order of the trial court states:

> After considering the testimony of the parties and applicable statutory and case law, including the case of **Barnett v. Barnett**, 27 S.W.3d 904 (Tenn. 2000), as well as the Tennessee Child Support Guidelines, and upon the consideration of the individual incomes of the parties and the total household income of the [Mother], the Court finds and concludes that the [Mother] should contribute $6,000 per school year to Ellen's private school tuition and expenses. [Mother] made a timely objection to the testimony of [Mother] when she was asked by [Father's] counsel the amount of income of her present husband Frank McRae, the court overruled the objection and required an answer. . . .

From this order, Mother appeals.

---

[1]The trial court did not address the propriety of Father's decision to send Ellen to The Webb School.

On appeal Mother asserts that the trial court erred in considering her current spouse's income in determining her obligation to assist in paying the boarding school tuition, and in ordering her to pay $6,000 towards her daughter's private school education. Father argues that the trial court should have required Mother to pay half of the private school tuition.

On appeal, questions of law are reviewed *de novo* without a presumption of correctness. ***Burlew v. Burlew***, 40 S.W.3d 465, 470 (Tenn. 2001) (citation omitted). A trial court's determination of child support is reviewed under an "abuse of discretion" standard. ***Kreuser v. Smith***, No. W2001-03135-COA-R3-CV, 2003 Tenn. App. LEXIS 32, at *4 (Tenn. Ct. App. Jan. 16, 2003) (citation omitted).

Mother argues that the trial court abused its discretion in ordering her to pay $6,000 towards her daughter's private school tuition. She notes that her net monthly income is $3,060.58 per month. When this net income is reduced by her statutory child support obligation of $1,219, by her court-ordered health care contributions for the children of $207.97, by the children's estimated uncovered medical expenses of $100, and finally by $500 for Ellen's private school tuition, Mother is left with only $1033.61 per month, or thirty-four percent of her income. In contrast, Father asserts that the law requires Mother to pay all of the private school tuition in addition to child support, and argues that the trial court abused its discretion in reducing Mother's obligation to less than half of the tuition.

This issue was discussed at length in ***Barnett v. Barnett***, 27 S.W.3d 904 (Tenn. 2000). In ***Barnett***, the Tennessee Supreme Court held that private school tuition is considered an extraordinary expense under the child support guidelines. Thus, under the guidelines, this expense must be added to the obligor parent's child support obligation. ***Barnett***, 27 S.W.3d at 907.[2] In ***Barnett***, the obligor parent, the father, had an income of $209,000 per year, while the obligee parent, the mother, earned $28,000 per year. The father was required to pay the entire private school tuition for the parties' son, in addition to his monthly child support.

The ***Barnett*** court noted that the child support guidelines "are based on a flat percentage of the obligor's net income." ***Id.*** at 906. The obligee's income is not considered in calculating the amount of child support, nor is it justification for deviating from the guidelines in determining the amount. ***Id.*** at 907. Since private school tuition is an extraordinary expense, under the guidelines, the full amount of this expense would ordinarily be added to the obligor's basic child support obligation. ***Id.*** at 907. If strict application of the guidelines would be "unjust or inappropriate," however, a downward deviation may be considered. ***Id.*** at 907, 909 n. 4. The supreme court noted that, in some cases, the obligor parent has substantially less income that the obligee parent. In such instances, the ***Barnett*** court said it is appropriate to consider the obligee parent's income in order

---

[2]In addition to any base child support award, Rule 1240-2-4-.04 of the Child Support Guidelines of the Tennessee Department of Human Services provides: "Extraordinary educational expenses and extraordinary medical expenses not covered by insurance shall be added to the percentage calculated in the above rule." Tenn. Comp. R. & Regs. 1240-2-4-.04(1)(c) (1997).

to determine whether to make a downward deviation from the total support award, that is, the combined award of base child support and extraordinary expenses. In sum, the supreme court stated:

> We hold that wholesale imposition of private school tuition on a noncustodial parent may, in some instances, constitute just such an "unjust or inappropriate" application of the guidelines that would warrant downward deviation. Downward deviation in this context would spread the cost of tuition equitably among the parties. Our holding is consistent with our long-established common law rule requiring a parent to provide support "in a manner commensurate with his means and station in life."

*Id.* at 909 (citations omitted). Thus, in order to achieve equity, when extraordinary expenses are involved, a trial court may take into account the obligee parent's income when considering a downward deviation from the total child support award.

In this case, the trial court appropriately followed the mandate in ***Barnett***.[3] Its decision was based on a comparison of the parties' respective incomes. The trial court ordered Mother to pay $6,000, or approximately thirty-five percent, of the $16,650 private school tuition. Considering the parties' respective incomes as set forth in ***Barnett***, the trial court did not abuse its discretion in ordering Mother to pay this portion of the daughter's private school education.[4]

Mother also asserts that the trial court erred in considering her current spouse's income in determining her contribution toward Ellen's private school tuition. Father argues that the trial court correctly considered the income of Mother's current spouse in determining Mother's contribution. Father cites ***Campanali v. Campanali***, 695 S.W.2d 193, 197 (Tenn. Ct. App. 1985), to support his argument; however, the facts of ***Campanali*** are not applicable to this case.[5] Clearly, the trial court erred in considering the income of Mother's current spouse. The amount of Mother's child support obligation, however, including the $6,000 payment toward the boarding school tuition, is in line with the reasoning in ***Barnett***, without regard to the income of Mother's current spouse. Therefore, this error must be deemed harmless error.

---

[3]We note that the trial court departed from the guidelines in not requiring Mother to pay the full amount of the tuition. ***Barnett*** observes that such a departure must be justified by specific findings that strict application of the guidelines would be unjust or inappropriate. ***See Barnett***, 27 S.W.3d at 909 n.4. In this case, however, Father did not seek to have Mother pay the full amount.

[4]If Mother's portion of the private school tuition were allocated in strict proportion to the parties relative income, the amount of the award would be reduced, since Mother's income is approximately 26% of the total of her income plus Father's income. This would make Mother's portion of the tuition approximately $4,300 rather than $6,000. Regardless, however, we cannot conclude that the award of $6,000 is an abuse of discretion.

[5]In ***Campanali***, the obligor parent voluntarily included his girlfriend's income as his for purposes of calculating his own financial ability to pay child support. ***Campanali***, 695 S.W.2d at 197 n.7.

The judgment of the trial court is affirmed.  Costs are taxed to appellant, Becky (Earthman) McRae, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE